

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

           Plaintiff,

-vs-

D-1: SHARIF AFFAS,

           Defendant.

No. 2:05CR80902

HON. JOHN FEIKENS

## RULE 11 PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant Sharif Affas and the government agree as follows:

**1.**    **GUILTY PLEA(S)**

**A.**    **Count(s) of Conviction**

Defendant will enter a plea of guilty to **COUNT 1** of the superseding information, which charges making false statements in violation of Title 15, United States Code, Section 645(a), and for which the penalty is up to two years imprisonment, a fine of up to $250,000, one year supervised release, restitution and a $100 special assessment.

**B.**    **Elements of Offense(s)**

The elements of Count 1 are: 1) the defendant knowingly made or caused to be made a false statement; 2) the defendant knew the statement was false at the time it was made; and 3) the defendant made the statement or caused it to be made for the purpose of influencing the action of the United States Small Business Administration ("SBA") in connection with the defendant's application for an SBA-guaranteed loan.

### C.  Factual Basis for Guilty Plea(s)

The following facts are a sufficient and accurate basis for defendant's guilty plea(s):

On or about December 27, 2000, in this District, at the closing on an SBA-guaranteed loan in the amount of $1,175,000, defendant and his co-defendant falsely stated and represented in an "Equity Statement" document that "The attached paid receipts, bank deposit tickets and/or bank statements represent a cash injection into the business in the amount of $130,000.00, as required under the terms of the authorization and Loan Agreement with the Small Business Administration dated October 19, 2000 regarding Loan PLP 401-476-4010". In truth and as defendant well-knew, he and his co-defendant had not made the required equity injection, and their documentation purporting to evidence the equity injection (an "Account Certification Letter" reflecting a purported bank account balance of $31,500 on 12/21/2000 for Radwan Affas Real Estate Inv. Inc., and a purported invoice reflecting that Radwan & Affas Investment, Inc. had paid $80,300 to APCO on 12/20/2000) was false.

## 2.  SENTENCING GUIDELINES

### A.  Standard of Proof

The Court will find sentencing factors by a preponderance of the evidence.

### B.  Guideline Range

The parties agree that the sentence guideline range should be determined under § 2F1.1, of the United States Sentencing Guidelines in effect on December 27, 2000. The parties have not yet determined what the guideline range is because they have not yet computed the "fraud loss." (No actual loss has been incurred yet, and the loss that can reasonably be expected to occur requires a determination of the value of the collateral securing the fraudulently-obtained SBA-guaranteed loan). The parties believe that the guideline range, when determined, will not exceed the two-year statutory maximum term of imprisonment.

3.  **SENTENCE**

The Court will impose a sentence pursuant to 18 U.S.C. §3553, and in doing so must consider the sentencing guideline range.

   **A.    Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by the court.

   **B.    Supervised Release**

A term of supervised release, if imposed, follows the term of imprisonment. There is no agreement on supervised release. In other words, the Court may impose any term of supervised release up to the statutory maximum term, which in this case is **1 year.** The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of

supervised release.

### C. Special Assessment(s)

Defendant will pay a special assessment of **$100** and must provide the government with a receipt for the payment before sentence is imposed.

### D. Fine

The Court may impose a fine in any amount up to **$250,000**.

### E. Restitution

The Court may order restitution to every identifiable victim of defendant's offense(s). If the Court orders restitution, the Court will determine who the victims are and the amounts of restitution they are owed.

## 4. USE OF WITHDRAWN GUILTY PLEA

If the Court allows defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Fed. R. Crim. P. 11(d)(2)(B), defendant waives his rights under Fed. R. Evid. 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

## 5. OTHER CHARGES

If the Court accepts this agreement, the government will dismiss the original indictment and the superseding indictment, and will not seek any further criminal charges against defendant in connection with the SBA-guaranteed loan referenced in the informoration.

### 6. RIGHT TO APPEAL

If the sentence imposed does not exceed the top end of the guideline range determined by the court, defendant waives any right he has to appeal his conviction or sentence. If the sentence imposed is within the guideline range determined by the court, the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range.

### 7. CONSEQUENCES OF WITHDRAWAL OF GUILTY PLEA(S) OR VACATION OF CONVICTION(S)

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

### 8. PARTIES TO PLEA AGREEMENT

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

9.  **SCOPE OF PLEA AGREEMENT**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. It supersedes all other promises, representations, understandings, and agreements between the parties concerning the subject matter of this plea agreement that are made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

This agreement does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

STEPHEN J. MURPHY
United States Attorney

_____
SHELDON N. LIGHT
Assistant United States Attorney
Chief, Economic Crime Unit

Date: 3/29/06

_____
STEPHEN T. ROBINSON (P 28030)
Assistant United States Attorney

By signing below, defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. Defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

_____
DAMA JO BROWN (P 54775)
*Attorney for Defendant*

_____
SHARIF AFFAS
*Defendant*

Date: